UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Water Filters Direct, LLC,

    Plaintiff,       **MEMORANDUM OPINION**
                 **AND ORDER**
v.               Civil No. 10-4294 ADM/SER

The WaterPur Company,

    Defendant.

_____

Elizabeth A. Zidones, Esq., Kristine M. Boylan, Esq., and Eric R. Chad, Esq., Merchant & Gould P.C., Minneapolis, MN on behalf of Plaintiff.

Troy J. Hutchinson, Esq., Briggs and Morgan, P.A., Minneapolis, MN and Martin B. Sipple, Esq., Ausley & McMullen, PA, Tallahassee, FL on behalf of Defendant.
_____

## I. INTRODUCTION

On January 19, 2011, the undersigned United States District Judge heard oral argument on Defendant The WaterPur Company's ("WaterPur") Motion to Dismiss [Docket No. 5]. Plaintiff Water Filters Direct, LLC ("WFD") opposes the Motion. For the reasons stated herein, the Motion is granted.

## II. BACKGROUND[1]

Both WaterPur and WFD distribute and sell water filtration products. Compl. [Docket No. 1] ¶ 7. WaterPur is a Florida corporation with its principal place of business in Marianna, Florida. Id. ¶ 2. WFD is a limited liability company organized under the laws of Minnesota. Id. ¶ 1. WFD's principal place of business is in Zumbrota, Minnesota. Id. The Complaint does not

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

allege any facts concerning the identity of the members of WFD or their citizenship. At oral argument, however, WFD's counsel represented that WFD is a single-member limited liability company and that its sole member was a Minnesota resident at the time of the Complaint but is now a resident of Florida.

On November 4, 2009, WaterPur commenced an action against WFD for trademark infringement in the U.S. District Court for the Northern District of Florida (the "Northern District of Florida"). Id. ¶ 8. At the center of that dispute was the content of WFD's website. Id. On July 23, 2010, on the eve of trial, WaterPur and WFD reached a settlement in that action, and the case was dismissed by stipulation on August 10, 2010. See id. ¶¶ 9-11. On August 13, 2010, WaterPur sent WFD a cease and desist letter regarding WFD's website. Id. ¶ 12. That same day, WFD filed a complaint in the U.S. District Court for the District of Minnesota (the "District of Minnesota"), Civil No. 10-3549, seeking a declaratory judgment that its website did not infringe WaterPur's trademarks. Sipple Decl. [Docket No. 8] Ex. A. That case was assigned to Judge David S. Doty but has not been prosecuted, presumably because the settlement agreement between WFD and WaterPur requires mediation before commencing litigation. See Compl. ¶ 13 (noting that mediation was conducted "per the settlement agreement").

In fact, the parties attempted mediation, but the mediator declared an impasse on October 20, 2010. Sipple Decl. Ex. B. That same day WFD filed this new action in the District of Minnesota. The very next day, WaterPur filed a motion in the Northern District of Florida seeking to stop the alleged infringement on WFD's website through a "Motion to Enforce the Terms of the Settlement Agreement." On November 9, 2010, the Florida court denied that motion, holding that because the court had not retained continuing jurisdiction over the matter,

enforcement must come through a new action, not additional motions. On November 10, 2010 the present Motion to Dismiss was filed. WaterPur has since commenced an action (the "Florida action") in the Northern District of Florida to enforce the settlement agreement.

### III. DISCUSSION

#### A. First-Filed Rule

The parties now have three actions regarding the same conduct pending in two districts. Accordingly, one action must be deemed the primary action to which the others will defer. WaterPur argues that the Court should dismiss this action in favor of the litigation in the Northern District of Florida. In doing so, WaterPur argues that the "first-filed rule" applies and the action in Florida is the first-filed action because the original lawsuit was litigated there. WFD argues that the present action was, in fact, filed before the Florida action and should proceed unabated.

The first-filed rule provides that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." Orthmann v. Apple River Campground, 765 F.2d 119, 121 (8th Cir. 1985). The first-filed rule "is not intended to be rigid, mechanical, or inflexible," but rather "to be applied in a manner best serving the interests of justice." Id.; N.W. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993). In general, absent compelling circumstances the first-filed action should take precedence. N.W. Airlines, 989 F.2d at 1005. Two red-flags indicating compelling circumstances are (1) when the first-filer is on notice that the other party was considering legal action and (2) the filing of a declaratory judgment action. Id. at 1005-06. Dismissal under the first-filed rule generally comes without prejudice. See, e.g., Beskau v. Lone Tree Farms, Inc., Civil No. 08-4828, 2008 WL

5382251, *2 (D. Minn. Dec. 23, 2008) (dismissing action without prejudice pursuant to first-filed rule).

Here, WaterPur's action in the Northern District of Florida is properly considered the primary action and the interests of justice demand deference to that case. While this instant action by WFD was technically filed before WaterPur's new Florida action, both red-flags identified in N.W. Airlines are present. WFD's conduct in commencing two nearly identical actions in this District, each at the first sign of possible litigation, strongly indicates an aggressive attempt at forum shopping. WFD's attempts to distinguish case-law discussing the two red-flags are unpersuasive. This is unquestionably a declaratory action and WFD was certainly on notice that WaterPur was contemplating litigation in light of the failed mediation and cease and desist letter.

On the other hand, WaterPur's conduct in sending the cease and desist letter and going through mediation evinces an effort to avoid litigation. WaterPur should not be penalized for its efforts. Indeed, WFD's rush to the courthouse caused it to draft a Complaint that does not properly allege the Court's jurisdiction over this matter. While invoking diversity jurisdiction, WFD has not properly pled its own citizenship. Therefore, in accordance with the N.W. Airlines factors, compelling circumstances justify looking beyond the technicalities of which action was first filed. Under the particular facts of this case, this action must be dismissed and the action in the Northern District of Florida should proceed, as it has already once considered the dispute between these parties.

**B.    Diversity Jurisdiction**

In light of the Court's decision to dismiss this action in favor of the Florida action, the

arguments relating to the jurisdiction of the court under 28 U.S.C. § 1332 are moot and will not be considered. The Court will note, however, that precedent is clear that in this District the citizenship of each member of a limited liability company must be pled. See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, (8th Cir. 2004) (holding that citizenship of an LLC is that of its members for diversity jurisdiction purposes).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. WaterPur's Motion to Dismiss [Docket No. 5] is **GRANTED**; and

2. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 28, 2011.